UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
In Re:                                                                   **Chapter 7**

**DARIUSZ MEDRZYCKI aka DAREK MEDRZYCKI**
**and MONIKA M MEDRZYCKI,**                           Case No. 11-49420-CEC

                                    Debtors.
-------------------------------------------------------------

**APPLICATION FOR ORDER TO RETAIN ATTORNEY FOR TRUSTEE**

The Application of ROBERT L. GELTZER, ESQ. respectful represents and alleges that:

1. On November 4, 2011 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. Pursuant to the United State's Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about November 4, 2011, Applicant was appointed Trustee for the estate of the above-captioned Debtors, is duly qualified and is now acting as the trustee (the "Trustee").

3. Applicant is an attorney duly admitted to practice before the bar of this Court and the courts of the State of New York.

4. This application is based upon the Trustee's examination at the meeting conducted pursuant to § 341 of the United States Bankruptcy Code, a review of the Petition and Schedules, and discussions had with the Debtors and the attorney representing the Debtors.

5. From the above, it appears, perhaps among other things, the Debtors paid for tuition for their child(ren) to attend private school within six (6) years of filing that needs to be recovered.

6. Thus, I have reason to believe that the services of an attorney are required by me, at least, in connection with: securing an Order(s) under Federal Rule of Bankruptcy Procedure 2004, drafting applications and orders from the retention of other professionals, instituting suits to turn over estate property, recovering a preference(s), recovering a fraudulent

      conveyance(s), recovering repayment on loans, recovering accounts receivable, selling a non-Debtors' interest in property also owned by the Debtors, recovering a post-petition transfer of property, selling various assets, selling the Trustee's equity interest in the Debtors' estate property, selling estate property, settling claims of the estate against the Debtor and/or others, objecting to discharge, revoking a discharge, and moving, as appropriate, to reduce, reclassify, and/or expunge a claim(s), and any preparation, discovery, litigation, and Court appearances necessary in connection therewith; however, further investigation and administration of the estate may yield additional, other reasons why services of an attorney will be needed.

7. Applicant seeks a Court order authorizing retention of Daniel Gershburg Esq., P.C. pursuant to Section 327(a) of the United States Bankruptcy Code, as Attorney to the Trustee and believes Daniel Gershburg Esq., P.C. will be qualified to act as such in connection with the administration of this estate, as Daniel Gershburg, Esq. has had substantial experience as an attorney in proceedings of this nature and is the attorney who will bear primary responsibility for the representation whose authority is sought herein.

8. A trustee may retain one or more attorneys to act as the trustee's attorney pursuant to Section 327(a) of the Bankruptcy Code, which states: "Except at otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountant, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

9. Daniel Gershburg Esq., P.C. and Daniel Gershburg, Esq. neither represent nor hold any interest adverse to the Trustee or to the estate of these Debtors, and each is a disinterested party within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code.

10. Daniel Gershburg Esq., P.C. and Daniel Gershburg, Esq. do not represent and have had no connection with the Debtors, their creditors or any other parties in interest or their respective attorneys, other than the Trustee in this case, or his attorneys or accountants, if any, in the matters upon which it is to be engaged.

11. Daniel Gershburg Esq., P.C.'s retention as attorney, if approved, would enable the estate to be administered in an expeditious and economical fashion, which will be in the best interests of the estate, its creditors and other parties in interest.

12. The Trustee believes, and has been advised by Daniel Gershburg Esq., P.C. that:

    (a) Daniel Gershburg is the person who will be primarily responsible for the file in this case;

    (b) Daniel Gershburg has represented in the accompanying affidavit that he has read and is generally familiar with the United States Bankruptcy Code with current amendments, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court; and

    (c) Daniel Gershburg is competent to represent the interests of the Trustee in all matters reasonably expected to come before the Court in this proceeding.

13. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** applicant respectfully prays for an order of this Court authorizing the Trustee to retain the Daniel Gershburg Esq., P.C. to act as his Attorney in this proceeding under a general retainer, and that he be granted such other further, and different relief as to this Court may seem just and proper.

Dated:  October 16, 2012
        New York, New York

By: /s/ Robert L. Geltzer
ROBERT L. GELTZER (RG 4656)
The Law Offices of ROBERT L. GELTZER
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100